**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jorge Antonio Perez Rivera, | Case No. 2:26-cv-00277-GMN-MDC |
| Plaintiff, | **ORDER GRANTING MOTION TO EXTEND TIME TO SERVE (ECF NO. 24)** |
| vs. | |
| Javier Fernandez Pena, *et al.*, | |
| Defendants. | |

Plaintiff filed a *Motion to Extend Time to Serve Quality Lease and Rental LLC* ("Motion") (ECF No. 24). Plaintiff requests additional time to complete service of process on defendant Quality Lease and Rental, LLC ("Quality" or "defendant"). *ECF No. 24*. The Court **GRANTS** the Motion for the reasons below.

**I.    BACKGROUND**

This is a personal injury negligence case removed from state court. *See ECF Nos. 1*, *11*, *19*. Plaintiff filed this Motion following various attempts to locate and serve Quality. *See ECF No. 24*.

**II.    DISCUSSION**

**A.    General Legal Principles**

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Pursuant to Federal Rule of Civil Procedure (Federal Rule) 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

### B.    Plaintiff Has Shown Good Cause For An Extension Of Time

Plaintiff argues that good cause exists to extend the deadline to serve Quality to June 10, 2026. *ECF No. 24*. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). Plaintiff properly served Quality before removing this case to federal court (ECF No. 24, Ex. 2). However, after removing this case Quality was no longer located at the address that plaintiff formerly served it at. *See ECF No. 24*. In a sworn declaration, plaintiff's attorney represents that they employed a service company to try to locate and properly serve Quality. *Id.* at 2. Plaintiff then attempted to serve Quality at multiple addresses associated with the defendant. *Id.* at 3-4; *ECF No. 24, Ex. 1*. The Court therefore finds that plaintiff has shown good cause and grants his request for an extension of time to serve Quality. Plaintiff will have until **June 10, 2026** to properly file proof of service regarding Quality.

//

//

//

//

2

III.    **CONCLUSION AND ORDER**

ACCORDINGLY,

IT IS ORDERED that:

1.  Plaintiff's *Motion to Extend Time to Serve Quality Lease and Rental LLC* (ECF No. 24) is **GRANTED.**

2.  Plaintiff must file proof of service regarding defendant Quality Lease and Rental, LLC by **June 10, 2026**.

DATED: April 21, 2026

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

3